UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGEY SHTILMAN,

        Plaintiff,

-against-

MARVAT MAKRAM, S. PARKS, SGT. JOHN DOE, LT. KATZ, NURSE DEFRANK, and ROBERT F. CUNNINGHAM,

        Defendants.

14-CV-6589 (NSR)

MEMORANDUM & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Sergey Shtilman, by application dated October 2, 2017, requests appointment of pro bono counsel. (ECF No. 59.) Plaintiff has also requested that this Court forward copies the papers filed in Opposition to Defendants' motion to dismiss. *Id.*

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

SDNY
    ENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/2017

Copies mailed/faxed 12/16/2017

Chambers of Nelson S. Román, U.S.D.J.

and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

At this stage in the proceedings, a motion to dismiss is pending before the Court, which Plaintiff was able to adequately oppose without the assistance of counsel. Additionally, prior to discovery and possible submission of summary judgment motions, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses. Further, the legal issues in this case are not particularly complex. Thus, the application fails because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings. Additionally, Plaintiff's application requesting copies of the Opposition papers is GRANTED and the Clerk of the Court is respectfully directed to send copies of the documents at ECF Nos. 51, 52, and 57 to Sergey Shtilman, 98-A-1497, Elmira Correctional Facility, P.O. Box 500, 1879 Davis Street, Elmira, NY 14901-500. The Clerk of Court is also respectfully directed to terminate the motion at ECF No 59.

Dated: December 15, 2017
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge