UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEY SHTILMAN,

PLAINTIFF,

-AGAINST-

MARVAT MAKRAM; ROBERT F.
CUNNINGHAM, SUPERINTENDENT,

DEFENDANTS,

RECEIVED
SDNY DOCKET UNIT

2018 OCT 15  PM 3:25

AFFIRMATION OF
RE-PLEADING

NO. 14-CV-6589

HON. NELSON S. ROMAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-12-18

## STATEMENT OF CASE

PLAINTIFF, PROCEEDING PRO SE, COMMENCED THIS ACTION
PURSUANT TO 42 U.S.C. 1983 ON DATE OF AUGUST 18, 2014
ALLEGING VIOLATIONS OF HER FOURTH, EIGHTH AND FOUR-
TEENTH AMENDMENT RIGHTS BY THE UNLAWFUL ACTIONS OF
THE DEFENDANTS. PLAINTIFF HAS AMENDED HER COMPLAINT
THREE (3) TIMES SINCE THE INITIAL FILING, AND FILED
HER FOURTH AMENDED COMPLAINT (FAC) ON SEPTEMBER
2, 2016. (SEE, ECF NO. 25)

BY OPINION AND ORDER DATED AUGUST 6, 2018,
THIS COURT GRANTED DEFENDANTS' MOTION AND DISMISSED
PLAINTIFF'S FOURTH AMENDED COMPLAINT (SEE, ECF
NO. 72). BY THIS SAME OPINION AND ORDER THE COURT
GRANTED THE PLAINTIFF LEAVE TO RE-PLEAD CERTAIN
CLAIMS AGAINST DEFENDANTS AS SPECIFIED BY THE

COURTS OPINION AND ORDER, AND AS SET FORTH HEREIN THIS AFFIRMATION.

IN LIGHT OF PLAINTIFF'S PRO SE STATUS AND HER CURRENT INCARCERATED STATUS, PLAINTIFF WAS GRANTED AN EXTENSION UNTIL DATE OF OCTOBER 8, 2018 TO RE-PLEAD HER CLAIMS AND CAUSES OF ACTION IN CONFORMITY WITH THE COURTS OPINION AND ORDER. (<u>Id.</u>)

ADDITIONALLY, BY THIS AFFIRMATION, PLAINTIFF WISHES TO CEDE TO THE WISDOM OF THE COURT'S OPINION AND ORDER, AS WELL AS THE LEGAL STANDARDS EXPOUSED THEREIN, AND LIMIT THE RE-PLEADING OF HER CLAIMS TO THOSE CLAIMS THAT SHE IS ABLE TO SHOW A FULL AND DEFINITIVE EXHAUSTION OF ADMINISTRATIVE REMEDIES UPON BY THE REQUISITE PROVISIONS OF 42 U.S.C.A. 1997e(a), NAMELY:

1) AN EQUAL PROTECTION CLAIM BASED ON THE CLASS OF ONE THEORY, AGAINST DEFENDANT MARVAT MAKRAM,

2) A DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS CLAIM, AGAINST DEFENDANT MARVAT MAKRAM, AND

3) A DELIBERATE INDIFFERENCE CLAIM, WITH THE REQUISITE FACTS REGARDING PERSONAL INVOLVEMENT, AGAINST DEFENDANT ROBERT F. CUNNINGHAM.

In the interest of efficient litigation, Plaintiff voluntarily relinquishes the opportunity granted by this court to re-plead her claims against defendants: Parks, Haas, Gormsley, Howe, Cronyn, Katz, and Defrank.

## STATEMENT OF FACTS

1.) Plaintiff, Sergey Shtilman, a documented transgender inmate, was confined within the custody of the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") at the Woodbourne Correctional Facility (hereinafter "Woodbourne") during the time period of April 16, 2014 and January 1, 2016.

2.) Defendant, Marvat Makram, was employed at the Woodbourne Correctional Facility during the above-referenced time period, and was responsible for providing medical care and services to the inmates confined at Woodbourne.

3.) Defendant, Robert F. Cunningham, was employed as the Superintendent at the Woodbourne Correctional Facility during the above-referenced time period, and was responsible for all matters relating to the operation of Woodbourne, and for the welfare of all the inmates confined within that facility.

4.) ON DATE OF MAY 29, 2014 PLAINTIFF ATTENDED SICK CALL AT THE FACILITY'S MEDICAL UNIT REQUESTING TO BE ISSUED A FEED-IN CELL PERMIT FOR REASONS ATTRIBUTED TO HER LEGITIMATE DIAGNOSIS OF A NEUROGENIC BLADDER DISORDER AND HISTORY OF FREQUENT INCONTINENCE. PLAINTIFF INFORMED MEDICAL STAFF THAT HER CONDITION PREVENTED HER FROM GOING TO THE FACILITY'S MESSHALL FOR SCHEDULED MEALS DUE TO THE UN-AVAILABILITY OF RESTROOM FACILITIES IN THE MESS-HALL DURING THESE TIMES.

5.) PLAINTIFF PROVIDED DOCUMENTATION TO MEDICAL STAFF CONFIRMING HER CONDITION IN THE FORM OF A LETTER FROM DR. JOSHUA I. GURIN, M.D., PH.D., OF THE BETH ISRAEL MEDICAL CENTER, DATED MARCH 30, 1993. (SEE, EXHIBIT A)

6.) MEDICAL STAFF DENIED PLAINTIFF THE ISSUANCE OF A FEED-IN CELL PERMIT THAT WOULD ENABLE HER TO PARTAKE OF REGULARLY SCHEDULED MEALS WITHIN HER CELL.

7.) ON DATE OF JUNE 2, 2014 PLAINTIFF FILED A GRIEVANCE RELEVANT TO THIS DENIAL BY MEDICAL STAFF AND THEIR INDIFFERENCE TO HER SERIOUS MEDI-CAL NEEDS. PLAINTIFF ALSO COMPLAINED OF BEING TREATED IN A DISCRIMINATORY MANNER BY MEDICAL STAFF BY THEIR USE OF PROFANE REFERENCES TO PLAINTIFF'S SEXUAL IDENTITY.

8.) PLAINTIFF'S GRIEVANCE WAS SUBSEQUENTLY-

DENIED BY DECISION OF THE FACILITY'S INMATE GRIEVANCE RESOLUTION COMMITTEE (I.G.R.C.) ON JUNE 10, 2014 (SEE, EXHIBIT B); ATTACHED TO THIS DECISION WAS A COMMUNICATION DATED JUNE 3, 2014 FROM THE FACILITY NURSE ADMINISTRATOR ADDRESSED TO THE GRIEVANCE SUPERVISOR FURTHERING THIS DENIAL. (SEE, EXHIBIT C)

9.) PLAINTIFF APPEALED THE DENIAL OF HER GRIEVANCE TO DEFENDANT ROBERT F. CUNNINGHAM, SUPERINTENDENT OF WOODBOURNE; BY SUPERINTENDENT'S REVIEW AND DECISION DATED JUNE 16, 2014, DEFENDANT CUNNINGHAM STATED THAT: "THERE IS NO MEDICAL OR PSYCHOLOGICAL NEED FOR GRIEVANT TO BE FED IN CELL." (SEE, EXHIBIT D) PLAINTIFF SUBMITTED AN APPEAL OF THIS DECISION ON DATE OF JUNE 19, 2014; THE CENTRAL OFFICE REVIEW COMMITTEE (CORC) EVENTUALLY REVIEWED THE DETERMINATION AND EFFECTUALLY DENIED PLAINTIFF'S APPEAL IN A DECISION DATED SEPTEMBER 24, 2014. (SEE, EXHIBIT E) (SEE, ALSO FOOTNOTE BELOW, AT N.1)

10.) AS A RESULT OF THESE DENIALS AND DEFENDANTS' FAILURE TO PROPERLY EVALUATE PLAINTIFF'S CONDITION IN LIGHT OF DOCUMENTARY EVIDENCE ATTESTING TO HER SERIOUS MEDICAL ISSUES (EXH. A), PLAINTIFF SUFFERED WEIGHT-

---

N.1:   CORC FAILED TO PROVIDE PLAINTIFF WITH A TIMELY REVIEW AND DETERMINATION OF HER GRIEVANCE APPEAL IN ACCORDANCE WITH THE ESTABLISHED MANDATES OF TITLE 7 N.Y.C.R.R. 701.5, WHICH DICTATES THAT: "THE CORC SHALL REVIEW EACH APPEAL, RENDER A DECISION ON THE GRIEVANCE, ... WITHIN THIRTY CALENDER DAYS FROM THE TIME THE APPEAL WAS RECEIVED."

LOSS, SEVERE ANXIETY, AND MENTAL ANGUISH AND DURESS, AS PLAINTIFF WAS FORCED BY DEFENDANT'S INDIFFERENCE TO HER SERIOUS MEDICAL NEEDS, TO CHOOSING BETWEEN - MISSING NUMEROUS MEALS AND REMAINING IN HER HOUSING UNIT WHERE A BATHROOM WAS READILY AVAILABLE, OR ATTENDING THE MESSHALL AND BEING SUBJECTED TO PAINFUL HUMILIATION AND DERISION WHEN EMBARASSING ACCIDENTS OCCURRED ON ACCOUNT OF HER SERIOUS MEDI- CAL CONDITION.

11.) HAVING NO OTHER REMEDIES AVAILABLE TO HER, PLAINTIFF ADDRESSED LETTERS TO THE FACILITY'S SENIOR OFFENDER REHABILITATION COORDINATOR (SORC) AND CHIEF MEDICAL OFFICER OF DOCCS, DR. CARL KOENIGSMANN, SEEKING ASSISTANCE. PLAINTIFF WAS UNABLE TO OBTAIN ANY RESOLUTION FROM THESE PERSONS, AND THEIR RE- SPONSES ARE ATTACHED TO THIS AFFIRMATION AS EXHIBIT F AND EXHIBIT G, RESPECTIVELY.

12.) ON DATE OF AUGUST 14, 2014, PLAINTIFF ATTENDED SICK CALL AND AGAIN REQUESTED TO BE ISSUED A FEED- IN CELL PERMIT FOR REASONS DUE TO HER SERIOUS MEDI- CAL CONDITION; PLAINTIFF WAS ONCE MORE DENIED THIS MEDICAL ACCOMMODATION BY WOODBOURNE MEDICAL STAFF.

13.) PLAINTIFF MET WITH DEFENDANT MARVAT MAKRAM, HER ASSIGNED MEDICAL PROVIDER. DEFENDANT MAKRAM DID NOT CONDUCT A PROPER EVALUATION OF PLAINTIFF'S PRIOR DIAGNOSIS (EXH. A) OF HER SERIOUS MEDICAL CONDITION OF NEUROGENIC BLADDER DISORDER, NOR DID THE DEFENDANT TAKE ANY STEPS TO ADDRESS THE ISSUE OF PLAINTIFF'S IN- CONTINENCE.

14.) DEFENDANT MAKRAM ACTED IN A WHOLLY UNPROFESSIONAL MANNER TOWARDS PLAINTIFF, BECOMING IMPATIENT AND ANGRY AT THE PLAINTIFF'S INABILITY TO EXPRESS HERSELF USING THE ENGLISH LANGUAGE AND STATE HER MEDICAL CONCERNS. (SEE, FOOTNOTE, AT N.2)

15.) DEFENDANT MAKRAM ALSO MADE INAPPROPRIATE COMMENTS AND REFERENCES DIRECTED TOWARDS PLAINTIFF'S GENDER IDENTITY, TO WIT: "YOU TRANSGENDER INMATES BELIEVE THAT YOU ARE ENTITLED TO EVERYTHING. WELL, YOU ARE NOT! I'M THE DOCTOR HERE. THIS IS MY OFFICE, AND I WILL DECIDE WHO IS PROVIDED WHAT, AND WHO ISN'T. FRANKLY, THE WORLD WOULD BE A BETTER PLACE IF THEY PACKED YOU ALL UP AND SHIPPED YOU OFF TO YOUR OWN PRISON TO LIVE OR DIE. YOU WILL NOT GET ANY SPECIAL TREATMENT FROM ME BECAUSE YOU'RE SOME SORT OF SHEMALE."

16.) DEFENDANT MAKRAM REFUSED TO CONDUCT ANY INVESTIGATION OF PLAINTIFF'S MEDICAL OR DIAGNOSTIC HISTORY RELEVANT TO THE DOCUMENTATION PLAINTIFF PROVIDED CONCERNING HER PRIOR DIAGNOSIS OF A NEUROGENIC BLADDER DISORDER AND HISTORY OF INCONTINENCE. (SEE, EXH. A)

17.) DEFENDANT MAKRAM REFUSED TO ISSUE PLAINTIFF A FEED-IN CELL PERMIT, OR PROVIDE PLAINTIFF WITH MEDICAL INCONTINENCE BRIEFS OR UNDERGARMENTS; NEITHER-

N.2:   PLAINTIFF, SERGEY SHTILMAN, WAS BORN IN MOSCOW, RUSSIA IN 1967, AND IMMIGRATED TO THE UNITED STATES WITH HER PARENTS IN 1980. PLAINTIFF'S SPEECH IS HEAVILY ACCENTED AND REQUIRES AN ATTENTIVE EAR IN ORDER TO UNDERSTAND HER IN CONVERSATION.

DID THE DEFENDANT REFER, OR SCHEDULE THE PLAINTIFF TO BE EXAMINED OR EVALUATED BY A SPECIALIST OF ANY KIND.

18.) ON DATE OF AUGUST 18, 2014 PLAINTIFF FILED A GRIEVANCE RELEVANT TO DEFENDANT'S ACTIONS. PLAINTIFF'S GRIEVANCE WAS DENIED BY DECISION OF THE IGRC, AS WELL AS BY DEFENDANT CUNNINGHAM'S REVIEW AND DETERMINATION DATED, AUGUST 28, 2014. (SEE, EXHIBIT H) PLAINTIFF SUBMITTED AN APPEAL ON DATE OF SEPTEMBER 3, 2014; AND ALTHOUGH CORC UNANIMOUSLY ACCEPTED PLAINTIFF'S GRIEVANCE IN PART, THE ISSUES CENTRAL TO DEFENDANT'S ACTIONS AND INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS, WAS DENIED, BY A DETERMINATION DATED, JANUARY 28, 2015. (SEE, EXHIBIT I) (SEE ALSO, FOOTNOTE, AT N. 3)

19.) AS A RESULT OF DEFENDANTS' MAKRAM'S AND CUNNINGHAM'S FOREGOING ACTIONS AND THE FAILURE TO RECOGNIZE AND MAKE ACCOMMODATIONS FOR PLAINTIFF'S SERIOUS MEDICAL CONDITION, PLAINTIFF CONTINUED TO SUFFER INJURY, WHICH INCLUDED: FURTHER WEIGHT LOSS, SEVERE ANXIETY, MENTAL ANGUISH AND DURESS.

20.) PLAINTIFF FILED AN ADDITIONAL GRIEVANCE ON DATE OF SEPTEMBER 17, 2015 RELEVANT TO THESE ISSUES AND THE CONTINUING DENIAL OF A MEDICALLY APPROVED-

---

N. 3: ONCE MORE, IT IS NOTED THAT CORC FAILED TO PROVIDE PLAINTIFF WITH A TIMELY REVIEW AND DETERMINATION OF HER GRIEVANCE APPEAL WHICH CONCERNED SERIOUS MEDICAL ISSUES IN ACCORDANCE WITH THE MANDATED REGULATORY PROVISIONS OF TITLE 7 N.Y.C.R.R. 701.5

FEED-IN CELL PERMIT. (SEE, EXHIBIT J) FOR REASONS UNBE-KNOWNST TO PLAINTIFF, THIS GRIEVANCE WAS NOT RESPONDED TO, NOR DID PLAINTIFF RECEIVE A DETERMINATION IN REGARDS TO IT FROM THE FACILITY'S IGRC OFFICE, DEFENDANT CUNN-INGHAM, OR THE CENTRAL OFFICE REVIEW COMMITTEE (CORC).

21.) BY THE GRIEVANCES AFOREMENTIONED AND DE-TAILED HEREIN, AND THE CORC DETERMINATIONS ATTACHED TO THIS AFFIRMATION (EXH. E; EXH. I), PLAINTIFF EX-HAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE TO HER AGAINST DEFENDANT MAKRAM AND DEFENDANT CUNNINGHAM.

## CAUSES OF ACTION

A.) EQUAL PROTECTION CLAIM BASED ON THE CLASS OF ONE THEORY.

22.) DEFENDANT MAKRAM'S INAPPROPRIATE STATE-MENTS AND REFERENCES DELIANATING PLAINTIFF'S GENDER IDENTITY CONSTITUTED A VIOLATION OF PLAINTIFF'S RIGHTS OF EQUAL PROTECTION AS A CLASS OF ONE UNDER THE FOURTEENTH AMENDMENT.

23.) DEFENDANT MAKRAM'S STATEMENTS AND REFER-ENCES DIRECTED TOWARDS PLAINTIFF'S GENDER IDENTITY IN COMBINATION WITH DEFENDANT'S STATEMENTS RE-GARDING THE ABILITY TO PROVIDE OR WITHHOLD MEDICAL TREATMENT ON THIS BASIS SUFFICIENTLY SHOW DEFENDANT'S INTENTIONAL AND IRRATIONAL TREATMENT OF PLAINTIFF IN A MANNER THAT WAS DIFFERENT FROM OTHER SIMI-LARLY SITUATED INMATES AND CONSTITUTED A VIOLATION OF PLAINTIFF'S RIGHTS AS A SINGULAR CLASS UNDER

THE FOURTEENTH AMENDMENT.

24.) AS A RESULT OF DEFENDANT MAKRAM'S IN-APPROPRIATE STATEMENTS AND REFERENCES DIRECTED AT PLAINTIFF'S GENDER IDENTITY AND DEFENDANTS REFUSAL TO PROVIDE MEDICAL TREATMENT ON THE BASIS OF THIS UNFAIR DIFFERENTIATION, PLAINTIFF SUFFERED CONTI-NUOUS INJURY IN THE FORM OF MENTAL ANGUISH AND DURESS.

B.) DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS.

25.) DEFENDANT'S REFUSAL AND FAILURE TO ACT UPON HER KNOWLEDGE OF PLAINTIFF'S DOCUMENTED NEUROGENIC BLADDER DISORDER AND HISTORY OF SEVERE INCONTINENCE CONSTITUTED DELIBERATE INDIFFERENCE TO PLAINTIFF'S SER-IOUS MEDICAL CONDITION AND NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT.

26.) DEFENDANT'S REFUSAL TO PROVIDE PLAINTIFF WITH REASONABLE MEDICAL ACCOMMODATIONS IN RESPECTS TO HER CONDITION CONSTITUTED DEPRIVATION OF TREATMENT OF A MEDICAL CONDITION WHICH WAS SUFFICIENTLY SERIOUS AND AMOUNTS TO A VIOLATION OF THE EIGHTH AMENDMENT.

27.) DEFENDANT'S REFUSAL AND FAILURE TO INVESTIGATE, EVALUATE, AND ASSESS PLAINTIFF'S SERIOUS MEDICAL CONDI-TION CONSTITUTED DELIBERATE AND WILLFUL INDIFFERENCE IN LIGHT OF DIAGNOSTIC DOCUMENTATION PLAINTIFF PROVIDED DEFENDANT MAKRAM WITH REGARDS TO HER SERIOUS MEDI-CAL CONDITION AMOUNTED TO AN EIGHTH AMENDMENT VIO-LATION.

28.) DEFENDANT MAKRAM'S DISREGARD TO THE EXCESSIVE RISKS AND SAFETY PRESENTED BY PLAINTIFF'S SERIOUS MEDICAL CONDITION CONSTITUTED A DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AND CAUSED PLAINTIFF TO SUFFER CONTINUOUS INJURY, INCLUDING, SEVERE ANXIETY, WEIGHT LOSS, MENTAL ANGUISH AND DURESS.

29.) DEFENDANT MAKRAM, AT ALL TIMES RELEVANT WAS ACTING UNDER COLOR OF STATE LAW IN RESPECTS TO THE ALLEGATIONS SET FORTH, AND IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

C.) DELIBERATE INDIFFERENCE, WITH THE REQUISITE FACTS PRESENTED REGARDING PERSONAL INVOLVEMENT.

30.) DEFENDANT CUNNINGHAM PARTICIPATED DIRECTLY IN THE ALLEGED CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS BY PROVIDING SUPERINTENDENT REVIEW AND DETERMINATIONS OF PLAINTIFF'S GRIEVANCES ON DATES OF JUNE 16, 2014, AND AUGUST 28, 2014 AND FAILING TO PROVIDE RELIEF AND REMEDY IN RESPECTS TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AND CONCERNS.

31.) DEFENDANT CUNNINGHAM FAILED TO PROPERLY PERSONALLY INVESTIGATE PLAINTIFF'S GRIEVANCES CONCERNING WOODBOURNE MEDICAL STAFF'S INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION AND NEEDS.

32.) DEFENDANT CUNNINGHAM, HAVING BEEN INFORMED VIA PLAINTIFF'S GRIEVANCES, FAILED TO PERSONALLY ADDRESS THE INAPPROPRIATE STATEMENTS AND REFERENCES DIRECTED

TOWARDS PLAINTIFF'S GENDER IDENTITY WHICH WERE MADE BY DEFENDANT MAKRAM, A PERSON UNDER EMPLOY WITHIN THE WOODBOURNE CORRECTIONAL FACILITY.

33.) DEFENDANT MAKRAM'S REVIEW AND DETERMINATIONS OF PLAINTIFF'S GRIEVANCES EFFECTUALLY CONSTITUTED A POLICY AND DECISION UNDER WHICH THE DELIBERATE IN-DIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION AND NEEDS CONTINUED TO OCCUR; ADDITIONALLY, DEFENDANT'S DETERMINATIVE STATEMENT THAT: "THERE IS NO MEDICAL OR PSYCHOLOGICAL NEED FOR GRIEVANT TO BE FED IN CELL", CONSTITUTED A POLICY OUTSIDE OF HIS QUALIFICATION WHICH DECIDED AN ISSUE DIRECTLY RELEVANT TO PLAIN-TIFF'S SERIOUS MEDICAL NEEDS.

34.) FURTHER, DEFENDANT CUNNINGHAM FAILED TO PROVIDE RESTROOM AND BATHROOM FACILITIES WITHIN THE FACILITY'S MESSHALL; THUS MAKING SUCH FACILITIES AVAIL-ABLE FOR PLAINTIFF WHOM SUFFERED FROM A DOCUMENTED MEDICAL CONDITION, AND SIMILARLY SITUATED INMATES.

35.) DEFENDANT CUNNINGHAM, AT ALL TIMES RELEVANT WAS ACTING UNDER COLOR OF STATE LAW IN RESPECTS TO THE FACTUAL ALLEGATIONS SET FORTH, AND IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF THE FOLLOWING RELIEF:

36.) A DECLARATION THAT THE ACTS AND OMISSIONS -

DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

37.) NOMINAL DAMAGES IN THE AMOUNT OF: $1.00

38.) COMPENSATORY DAMAGES IN THE AMOUNT OF: $10,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

39.) PUNITIVE DAMAGES IN THE AMOUNT OF: $9,000.00 AGAINST EACH DEFENDANT.

40.) A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

41.) PLAINTIFF'S COSTS WITH RESPECTS TO THIS ACTION.

42.) ANY AND OTHER RELIEF AS THIS COURT MAY DEEM APPROPRIATE AND JUST.

DATED: OCTOBER 5, 2018
ELMIRA, NEW YORK

RESPECTFULLY SUBMITTED,

x _Sergey S.C_,
SERGEY SHTILMAN, 98A1497
PLAINTIFF/PRO SE,
ELMIRA CORRECTIONAL FAC.
P.O. BOX 500
ELMIRA, N.Y. 14902-0500

JOSHUA I. GURIN, M.D., Ph.D.
F.A.C.S., F.A.C.B.
10 EAST 78th STREET
NEW YORK, N. Y. 10021
———
Telephone (212) 628-5444

3/30/93

Re: Sergey Shtilman

To whom it may concern:

The patient named above has been under my supervision and treatment for the past 10 years. He suffers from neurogenic bladder and frequent incontinence. Unfortunately, the medications prescribed for his main medical problem (schizophrenia) aggravated his bladder condition.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Joshua I. Gurin, M.D.

* EXHIBIT A *

FORM 2131E (REVERSE) (9/12)

**Response of IGRC:**

June 10. 2014        Shtilman. S. # 98-A-1497        WB-16181-14

Upon a full hearing of the facts in this case. committee notes that grievant's issues have the attention of the facility's medical staff. The NA's investigation report indicates that grievant does not meet the criteria to receive his meals in cell. With respect to grievant's second action requested. as a patient in a NYS-Correctional facility per patient Bill of Rights. Inmate has a right to respectful and considerate care.

Date Returned to Inmate: _____          IGRC Members: _____

Chairperson: _____                      CORB _____

                                                  _____ Rep.

                                                  _____ Rep.

Return within 7 calendar days and check appropriate boxes.*

[x] I disagree with IGRC response and wish to appeal to Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal.

Signed: X _____          JUN. 10 '14
           Grievant                    Date

_____                     6/11/14
Grievance Clerk's Receipt              Date

---

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent: _____
                                              Date

Grievance forwarded to the Superintendent for action: _____
                                                          Date

**\* EXHIBIT B \***

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

**WOODBOURNE CORRECTIONAL FACILITY**
P.O. Box 1000
Woodbourne, NY  12788

ROBERT F. CUNNINGHAM
SUPERINTENDENT

To: T. Terbush, Grievance Supervisor

From: J. Barrett Wilson, Nurse Administrator

Subject: Grievance #WB 16181-14

Date: 6/3/14


Inmate Shtilman does not meet the medical criteria to receive his meals in his cell. I conferred with his OMH provider. There is no psychiatric reason that he can't go to the mess hall for his meals.

The RN he saw at sick call on 5/29/14 simply informed him that he does not medically qualify for a feed-in-cell permit. At no time did she refer to his sexuality or call him a profane name.

*EXHIBIT C*

| | | GRIEVANCE NO. WB 16181-14 | DATE FILED 6-2-14 |
|---|---|---|---|
| | STATE OF NEW YORK | | |
| | DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | | POLICY DESIGNATION |
| | | FACILITY Woodbourne Correctional Facility | |
| | | TITLE OF GRIEVANCE | CLASS CODE 22 |
| **INMATE GRIEVANCE PROGRAM** SUPERINTENDENT | | SUPERINTENDENT'S SIGNATURE | DATE 6-16-14 |
| GRIEVANT Shtilman, S. | | DIN# 98-A-1497 | HOUSING UNIT |

The response of the Nurse Administrator stated that after conferring with OMH, there is no medical or psychological need for grievant to be fed in cell.  Action requested to be fed in cell is not accepted.

In addition, nurse at sick call informed grievant as such and denies referring to his sexuality or using profanity.

_I won't lie about anything. I truly do need help. Nothing was done at the facility level._

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk.  You have seven (7) days from receipt of this notice to file your appeal. *  Please state why you are appealing this decision to C.O.R.C.

_It's becoming increasingly difficult for me to walk—especially up & down the stairs! Not only I am slow and cannot get up a 7am for dietary chew—I also may not stay up all night very low functioning, my back, lower and upper is very sore I get leg cramps, esp. in middle of the night—morning, get dizzy—blood pressure, hypertension, and need a full disability. I'm on SSI since 1987 and have it in my records, hospital records. I need my waiver/reprogramming/accommodations/disability/cell room restitution._

Grievant's signature X _Sergey S.C._

_Jun. 19, 2014 (Thursday)._
Date

_____
Grievance Clerk's signature

_____
Date

* Extensions to the time limits may be requested under Directive #4040, section 701.6(g)

CC:     Grievant
        file

* EXHIBIT D *

S. Shtilman   98A1497   02-10

| | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | WB-16181-14 | I/22 | 6/2/14 |

| Associated Cases |
|---|
| |

| Facility |
|---|
| Woodbourne Correctional Facility |

| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Want Feed Up Due To Medical Conditions |
|---|---|

9/24/14

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was seen at sick call on 5/29/14 requesting a feed-in cell permit, and was advised that he did not meet the medical criteria to be issued one at that time.  CORC also notes that Nurse D... denies verbally harassing and discriminating against the grievant or being unprofessional during sick call encounters. In addition, Nurse Administrator B... states that the grievant's OMH provider was consulted and that there is currently no psychiatric restrictions prohibiting him from eating meals in the messhall.

CORC asserts that, consistent with Health Services Policy Manual Item #1.43 - Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care.

In regard to the grievant's appeal, CORC asserts that treatment is based on evaluation by medical professionals, and finds insufficient evidence of discrimination or malfeasance by staff.  He is advised to address further medical concerns via facility sick call procedures and mental health issues to OMH staff for the most expeditious means of resolution.

RAS/

------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------

\* EXHIBIT \*

This document has been electronically signed by Jeffery A. Hale



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

WOODBOURNE CORRECTIONAL FACILITY
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

**ROBERT F. CUNNINGHAM**
SUPERINTENDENT

TO: S. Shtilman, 98A1497

FROM: B. Schwebler, SORC

DATE: 6/24/14

SUBJECT: Accommodations

---

The Office of Mental Health and the medical department staff are aware of your issues and concerns and they are in the best position to address those issues. If you need to be transferred for medical or mental health reasons, they will let the guidance unit staff know.

B. Schwebler, SOEC

cc: Guidance Folder

* EXHIBIT F *



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

**CARL J. KOENIGSMANN, M.D.**
DEPUTY COMMISSIONER/CHIEF MEDICAL OFFICER

September 2, 2014

Mr. Sergey Shtilman, 98A1497
Woodbourne Correctional Facility
99 Prison Rd., Box 1000
Woodbourne, NY 12788

Dear Mr. Shtilman,

Deputy Commissioner Koenigsmann has asked me to respond to your recent letter.

The Division of Health Services has investigated your concerns with the Health Services staff at Woodbourne Correctional Facility. I have been advised that a feed in cell permit is not medically indicated for you. With regards to your complaint of back pain, you have been offered appropriate medication. Also, your last blood pressure reading was within normal limits. You are encouraged to discuss your medical concerns at your next appointment with your provider.

It is suggested that you continue to bring your medical concerns to the attention of the health care staff using the existing sick call procedure. I am sure they will make every effort to address your needs.

Sincerely,

Megan Yaiser
Regional Health Services Administrator

MEY/cab

cc:   FHSD, Woodbourne Correctional Facility

*EXHIBIT G*

| STATE OF NEW YORK | GRIEVANCE NO. WB 16245-14 | DATE FILED 8-18-14 |
|---|---|---|
| DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | | POLICY DESIGNATION |
| | FACILITY Woodbourne Correctional Facility | |
| | TITLE OF GRIEVANCE | CLASS CODE 22 |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | DATE 8-28-14 |
| GRIEVANT Shtilman, S. | DIN# 09-A-1497 | HOUSING UNIT B-1-9 |

Grievant's action requested is granted to the extent that grievant has access to medical treatment.  He has utilized the sick call procedure for a variety of complaints and has been seen by various staff.  Grievant needs to follow the medical direction provided.

Grievant's action requested to have medical staff removed and replaced is denied.  The request is unfounded and unreasonable.

There are no provisions for restitution or claims with the grievance mechanism.  If grievant has a claim for missing property he will have to file a claim form.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk.  You have seven (7) days from receipt of this notice to file your appeal. *  Please state why you are appealing this decision to C.O.R.C.

FIRST - I DID PUT THE CLAIM IN FOR ALL MY STOLEN, EXTORTED & LOST PROPERTY IN PREVIOUS FACILITIES. SECOND - I MAY NOT GO UNTREATED JUST BECAUSE I "LOOK DIFFERENT"/GENDER NON-CONFORMANT. I'M NOT EVEN ALLOWED TO GO TO SICK CALL(S) NO MORE - I'M A SICK PATIENT AND ONLY GO AS NEEDED/BUT THEY REFUSE TO EVEN SEE ME, LET ALONE GIVE ME TREATMENT. THANK YOU IN ADVANCE.

_____     09-A-1497          Sep. 3, 2014
Grievant's signature                                    Date

_____                    _____
Grievance Clerk's signature                          Date

* Extensions to the time limits may be requested under Directive #4040, section 701.6(g)

CC:     Grievant
        file

*Shtilman, 98A1497*

| | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | WB-16245-14 | I/22 | 8/21/14 |

| Associated Cases |
|---|
| |

| Facility |
|---|
| Woodbourne Correctional Facility |

| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Proper Medical Treatment |
|---|---|

1/28/15

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant presented at sick call on 8/14/14 requesting a feed in cell permit and medication change, both of which were previously addressed multiple times and determined not to be medically necessary. RN D... advised him of this, he subsequently became agitated and demanding, and the encounter was terminated.  It is noted that he has been seen at sick call numerous times for a variety of issues, and CORC asserts that he continues to have access to sick call.

CORC asserts that, consistent with Health Services Policy Manual Item #1.43 - Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care.

CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process.  CORC advises the grievant to address safety matters to area supervisory staff, and mental concerns to OMH staff.  In addition, CORC asserts that he had the opportunity to file a claim for missing property in accordance with Directive #2733.

With respect to the grievant's appeal, CORC has not been presented with sufficient evidence of malfeasance, negligence, or discrimination by staff.

CMV/rjq

---
---

* EXHIBIT I *

This document has been electronically signed by Karen R. Bellamy

**To:** I.G.R.C. / C.O.R.C. REFERRAL

**From:** SERGEY SHULMAN, 98A-1497

**Date:** SEPT. 17, 2015

**Subject:** FEED-UP(S)

Dear Honorable I.G.R.C.!

WHILE CLEANING ALL MORNING ON B-1 COMPANY — AS A PORTER — I WAS DENIED MY FEED-UP TRAY. "YOU HAVE TO WALK (!) (WITH A BIG-ATTITUDE!) TO THE MESSHALL — NO MATTER HOW SICK YOU ARE — IF YOU DON'T WANT TO STARVE TO DEATH!" — I WAS TOLD ON NUMEROUS OCCASIONS, INCLUDING, BUT NOT LIMITED TO, OUR PREVIOUS SUPERINTENDANT, ROBERT F. CUNNINGHAM, WHO, AS WE ALL KNOW, GOT TRANSFERRED TO FISHKILL C.F. — BECAUSE OF THE DEATH OF AN INMATE/RESIDENT AT THE SAME FACILITY, FISHKILL. IT'S POSSIBLE —ALTHOUGH UNCONFIRMED 100% — THAT THE VICTIM WAS AN OMH PATIENT. HOWEVER — GETTING BACK TO THE ABOVE/AFORE — MENTIONED ISSUE — I SAW INMATES HERE, AT WCF — WAY LESS SICK THAN ME, THE WRITER, — WHO ARE GETTING THEIR FEED-UPS IN CELLS/BUT — NO, I, HAVE TO BE ALWAYS DISCRIMINATED AGAINST — AND, OF COURSE, DR. MONHAT MAUHAH WILL NOT DO ANYTHING OF THIS NATURE OF FEED-UP FOR ME! THIS IS THE REASON WHY I AM SUING HEALTH — AND — HAD TO GET THE IG/OSI INVOLVED. I HOPE WE ALL UNDERSTAND....

Thank You For Your Future Assistance/Referral to C.O.R.C. in Albany,

SINCERELY YOURS, WITH GREAT RESPECT, SUBMITTED,

98A-1497

x Sergey SH

C.C.        * EXHIBIT J *

## VERIFICATION

THE UNDERSIGNED PLAINTIFF, SERGEY SHTILMAN, HAS READ THE FOREGOING AFFIRMATION OF RE-PLEADING AND HEREBY VERIFIES THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO THOSE MATTERS STATED TO BE BASED ON INFORMATION AND BELIEF, AND, AS TO THOSE MATTERS, PLAINTIFF BELIEVES THEM TO BE TRUE. PLAINTIFF CERTIFIES THAT THE FOREGOING IS TRUE AND CORRECT UNDER PENALTY OF PERJURY.

DATED: OCTOBER 5, 2018
        ELMIRA, NEW YORK

x _Sergey SL_

SERGEY SHTILMAN, #98A1497
PLAINTIFF/PRO SE
ELMIRA CORRECTIONAL FAC.
P.O. BOX 500
ELMIRA, N.Y. 14902-0500

Pro se Clerk/
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY. 10601



October 5, 2018

Re: Shtilman v. Makram, Et. Al.
~   No. 14-CV-6589 (NSR)

Dear Pro Se Clerk:

        Please find enclosed, an Affirmation of Re-Pleading relevant to the above-referenced action for filing in this Court.

        I would appreciate it if it may be brought before the Hon. Nelson A. Roman at the earliest opportunity.

        Thank you for your time, and I patiently await your office's acknowledgement of receipt of these papers.

Respectfully,
Sergey Shtilman, #98A1497
Plaintiff/Pro Se,
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500

Enc.

CC: Office of the Attorney General/
      Counsel for Respondent,
      /File.

ELMIRA CORRECTIONAL & RECEPTION CENTER
P.O. BOX 500
ELMIRA, NEW YORK 14902-0500

SERGEY SHTILMAN, # 98A497

* LEGAL MAIL *
USE WEEKLY LEGAL MAIL POSTAGE *

RECEIVED
OCT 12 2018
U.S.D.C.
WP

ATTN: PRO SE CLERK/
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS STREET
WHITE PLAINS, NEW YORK 10601

ELMIRA
CORRECTIONAL
FACILITY

Elmira ☆ Correctional Facility

USM WP SDNY

USM WP SDNY

USM WP SDNY

neopost
10/09/2018
US POSTAGE $00.50